[Crim. No. 21.   In Bank.—December 27, 1895.]

# THE PEOPLE, RESPONDENT, *v.* PAULO KAMAUNU, APPELLANT.

CRIMINAL LAW—VOLUNTARY CONFESSION—PRELIMINARY PROOF.—Where a witness testifies to a confession made by the defendant under circumstances which show that it was impossible that there could have been an inducement offered by the witness to the defendant to make the confession, and the evidence further shows a motive of the defendant to make it, which was suggested by no one, and that his purpose was to enforce silence by a threat which immediately followed the confession, the failure of the court to institute a preliminary inquiry to determine whether the confession was voluntary before admitting it in evidence, is not prejudicial.

ID.—MURDER IN THE FIRST DEGREE—PUNISHMENT—DISCRETION OF JURY—INSTRUCTION.—Discretion is given to the jury in regard to the punishment in case they find a defendant guilty of murder in the first degree; and the court cannot direct or advise them upon the subject further than to inform them of their province; and it is not error to refuse to instruct them as to how they should use the discretion given them.

ID.—IMPROPER LANGUAGE OF DISTRICT ATTORNEY—INSTRUCTION OF COURT.—Where the district attorney makes improper reference to evidence offered and ruled out, if the court immediately instructs the jury that they have nothing to do with such evidence, and that the case must be determined entirely from the testimony received without reference to other things they may have heard, the improper remark of the district attorney, though deserving a rebuke from the court, is not ground for a reversal of the judgment of conviction.

ID.—PROOF OF VENUE—RESIDENCE OF DECEASED.—Where it is testified that the deceased resided in the county, and it is plainly implied that she resided at the house in front of which her body was found, and into which it was carried, the venue is sufficiently proved.

INSTRUCTIONS—EVIDENCE STRICKEN OUT—DUTY OF DEFENDANT.—If the defendant desires specific instructions as to the effect of evidence stricken out, he should ask for them.

APPEAL from a judgment of the Superior Court of El Dorado County and from an order denying a new trial.   M. P. BENNETT, Judge.

CX. CAL.—39

The facts are stated in the opinion of the court.

*Charles A. Swisler*, and *Abe Darlington*, for Appellant.

That the matter, testified to by the witness Liloi, was a confession is beyond question. A confession in criminal law is the voluntary declaration made by a person who has committed a crime or misdemeanor, to another. of the agency or participation he had in the same. (*People* v. *Strong*, 30 Cal. 157; Bouvier's Dictionary "Confessions.") Evidence of a confession is admissible only after proof that it was made voluntarily. (*People* v. *Le Roy*, 65 Cal. 614; *People* v. *Parton*, 49 Cal. 632, 637; 1 Greenleaf on Evidence, 219; *People* v. *Goldenson*, 76 Cal. 328.) The following language used by the district attorney, was improper and prejudicial to the defendant: "There can be no reasonable doubt of the defendant's guilt, with all the evidence that has been introduced, and all that has been excluded." (*People* v. *Ah Len*, 92 Cal. 282; 27 Am. St. Rep. 103; *People* v. *Bowers*, 79 Cal. 415; *People* v. *Devine*, 95 Cal. 227; *People* v. *Wells*, 100 Cal. 459.) The lower court erred in permitting witness Davey to testify as to the conversation or statements made by the prisoners, Liloi and Kamaunu, or either of them, in the jail on July 2, 1894. The statements were merely an accusation made by one against the other, and were, under the circumstances, incompetent. (*State* v. *Carson*, 36 S.·C. 524.)

*W. F. Fitzgerald*, Attorney General, and *Charles H. Jackson*, Deputy Attorney General, for Respondent.

The circumstances surrounding the confession of the defendant do not necessitate the usual broad foundation as to voluntary characteristics, threats, etc. This matter rests wholly in the discretion of the trial judge upon all the circumstances of the case. (1 Greenleaf on Evidence, secs. 215, 219.) Erroneous statement of testimony to a jury by counsel will not give a new trial. (*People* v. *Lee Ah Yute*, 60 Cal. 95.) There was no reversible error in the conduct of the district attor-

ney. (*People* v. *Barnhart*, 59 Cal. 402; *People* v. *Mitchell*, 62 Cal. 411; *People* v. *Ah Fook*, 64 Cal. 383; *People* v. *Wheeler*, 65 Cal. 77; *People* v. *Hamberg*, 84 Cal. 473; *People* v. *Ross*, 85 Cal. 384.) The venue does not have to be laid in so many words or according to a particular form. So long as jurisdictional facts are shown the law governing venue is satisfied. (*People* v. *Manning*, 48 Cal. 335; *Bland* v. *People*, 4 Ill. 364; *Beavers* v. *State*, 58 Ind. 530; *Commonwealth* v. *Costley*, 118 Mass. 3; *People* v. *McGregar*, 88 Cal. 143; *People* v. *Tonielli*, 81 Cal. 275; *People* v. *Leong Sing*, 77 Cal. 118; *People* v. *Marks*, 72 Cal. 46; *State* v. *Burns*, 48 Mo. 438; 1 Wharton's Criminal Law, sec. 601.) The court takes judicial knowledge of places for the purpose of proving venue. (*Brady* v. *Page*, 50 Cal. 52; *Whiting* v. *Quackenbush*, 54 Cal. 306; *State* v. *Ruth*, 14 Mo. App. 226.) Anything so connected with the crime in point of time and character as to explain how and why it was committed is a part of the *res gestæ*. (*People* v. *Irwin*, 77 Cal. 495; *People* v. *Nelson*, 85 Cal. 421; *People* v. *O'Brien*, 78 Cal. 41; *People* v. *Lee Ah Chuck*, 66 Cal. 666.)

TEMPLE, J.—The defendant was convicted of the crime of murder in the first degree, and sentenced to be hanged. He was charged jointly with one Liloi. During the trial the charge against Liloi was dismissed under section 1099 of the Penal Code, and Liloi was called as a witness against Kamaunu. Witness and Kamaunu were natives of the Sandwich Islands, and spoke English very imperfectly. They had been employed in cutting wood, and lived together. They had finished their contract and had just been paid off. There was evidence tending to show that one of them, on the day before the homicide, had purchased a chicken from the deceased. She was an old lady who lived by herself. On the morning after the purchase of the chicken she was found at her gate dead, and some circumstances pointed to defendant and Liloi as the murderers. When sworn, Liloi stated that Kamaunu had purchased the chicken

from deceased, and told him that he believed she had money in the house, because she promptly produced change for a gold coin with which he paid for the chicken. He stated that during the day they drank wine together, and that at night defendant was absent from their cabin and witness went to bed. That during the night he heard knocking and opened the door, when Kamaunu entered. It was between 11 and 12 o'clock. Witness asked: "Where have you been?" Here defendant's counsel objected to evidence of confessions, because the proper foundation had not been laid. The objection was overruled and exception taken. The witness proceeded: "Him, he say he been take a walk that night, that is what he say. After that he talka with me he been down that old woman's, he kill that old woman, he lose pistol—revolver, that is what he say, he talka lose revolver very bad." This is the substance of the confession, although, on being questioned, some further remarks to the same effect were elicited.

This was a confession, and the rule is as contended for by counsel for the defense, that the court ought, on a preliminary inquiry, first to determine whether the confession was voluntary. But if the circumstances already show that it must have been voluntary, there would be no necessity for further inquiry. And if it be admitted that there was error, the question then would be, Did the error affect the substantial rights of the defendant? If we cannot determine whether there was injury or not, then, since the defendant has not been tried as the law of the land directs, we must presume injury. For to be so tried is his right. But if we can see that he has not been injured, the judgment will be allowed to stand.

It is apparent from the testimony—if true—that Liloi did not know of the homicide until Kamaunu informed him of the fact in the confession. It was impossible, therefore, that there should have been an inducement offered by Liloi to make the confession. And the testimony further shows a motive which moved defendant

to make the confession, and that the motive was suggested by no one.   He knew that when Liloi would hear of the tragedy he would at once suspect him.   His purpose was to enforce silence by a threat, which immediately followed the confession.   But what inducement could Liloi have offered, even if he had known?   How could he make it better for him to confess, or worse for him if he did not?   There was no threat except from defendant toward Liloi.   It is difficult to see how such a person as the witness could have induced a confession otherwise than by threats.   I think we can see that defendant was not injured by the ruling, conceding it to have been erroneous.

There was no error in refusing to instruct the jury as to how they should use the discretion given them in regard to the punishment in case they found the defendant guilty.   This discretion is given to the jury, and the court cannot direct or advise them upon the subject further than to inform them of their function.

The district attorney deserved severe rebuke from the court for the remark set out in the bill of exceptions.   He stated no fact, however, not already known to the jury. It was merely a reference to evidence offered and ruled out.   The court immediately instructed the jury that they had nothing to do with such evidence, and, again, in its general instructions, stated that the case must be determined entirely from the testimony received without reference to other things they may have heard.

The venue was sufficiently proven.   It was testified that she resided in the county and that the body was found at the gate.   The body was carried into the house. The condition of the house, of the bed, and the doors are shown.   The witnesses do not expressly state that this house was her residence, but that it was both the house where she resided and where she was killed is plainly implied.

The rulings in regard to the introduction of testimony seem to be as to unimportant matters or were evidently correct.   A particular discussion of them would be of

no moment. There was no doubt as to the admissibility of the conversation in the jail at the time, although it does not seem to possess much importance. Besides, the statements of Liloi were afterward, by the judge, stricken out when the charge was dismissed against him. If defendant desired more explicit instructions upon that subject he should have asked for them.

The judgment and order are affirmed.

McFarland, J., Van Fleet, J., Garoutte, J., Harrison, J., Henshaw, J., and Beatty, C. J., concurred.