## STATE v. LANDERS.

Accused, a reasonably intelligent man, in possession of all his faculties, while under arrest for murder, was brought by the sheriff into the presence of the state's attorney, and was there told that he was "up against it," that his partner had told how accused had done the shooting. Accused asked if his partner had said that, and then became angry, and said that, if his partner had told, he would tell just how it happened, and proceeded to detail a confession which was taken down by the state's attorney and which accused signed and swore to. **Held**, that the confession was voluntary and admissible, though obtained in answer to a question assuming guilt, while accused was under arrest.

Where, in a prosecution for homicide, the corpus delicti had been established by undisputed evidence, and defendant's voluntary confession of his complicity had been introduced, a coat fully discribed in the confession and found by the officer having it in custody where accused said it had been thrown away by his companion during their flight, together with a handkerchief, identified in the same manner, was properly admitted.

Where the evidence as to the voluntary character of a confession was not conflicting, the court properly refused to submit its competency to the jury.

Where there was nothing to show knowledge by the jury that another had been tried for the same offense with which accused was charged, the court properly refused an instruction that the fact that another individual had been tried and convicted or acquitted should not influence the jury in rendering a verdict in the case at bar.

Where accused did not testify, but his confession was offered in evidence, a statement by the state's attorney in argument that accused made his own confession and it was not disputed was not objectionable as a comment on the failure of accused to testify.

(Opinion filed, January 7, 1908.)

Error to Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

H. R. Landers was convicted of murder and he brings error. Affirmed.

*Simons & Bradford,* for plaintiff in error.   *S. W. Clark, Atty. Gen.,* and *T. J. Spangler, State's Atty.,* for the State.

FULLER, P. J.   Plaintiff in error is now serving a life sentence in the penitentiary at Sioux Falls for the murder of John Doe, whose true name is unknown, and the admission in evidence of his sworn confession tending to connect him with the commission of that crime as an aider and abettor, and therefore punishable under our statute as a principal, is the first point urged for a reversal.

According to his confession and corroborating testimony, the offense was committed by means of a gunshot wound inflicted on the 16th day of July, 1906, in the railway yards at the city of Mitchell, where the dead body of the victim was soon afterward discovered by various persons, and on the following day the accused and one Herman Edward Vey were apprehended at the neighboring village of Fulton by a local peace officer, who immediately turned them over to the sheriff of Davison county. On their return to Mitchell in the custody of this officer Vey appears to have made a voluntary declaration of his guilty participation in the crime, but implicated the accused as the person who fired the fatal shot.   The circumstances connected with the confession here under consideration are shown by the following testimony of Mr. Spangler, adduced as a foundation for its introduction in evidence on behalf of the prosecution: "My name is T. J. Spangler. I reside in Mitchell, S. D.   I am State's attorney of Davison county.   Witness shown paper marked 'Exhibit A' and states that he saw this paper before.   It is an affidavit made by the defendant, who gave his name as H. R. Williams at that time.   I was present at the time the paper was written.   I know who wrote it. The defendant was in the sheriff's office in this courthouse, and I said to him: 'You are up against it.   Mr. Vey has told how you did the shooting of this man down on the track.'   He says, 'Has he said that?'   And he became angry and said, 'If he has told that,

I will tell just how it happened.' And I took this paper and he detailed the facts, and I wrote them down. When I had finished, I read it over to him, and asked him to hold up his hand, and be sworn to the facts stated in the affidavit, and he did so, and signed the affidavit in my presence. I took it down to my office, and put my seal on it, and signed it myself. There were no promises or inducements offered to him prior to his making that statement." As there can be no fixed rule by which to determine whether a confession is voluntary or involuntary, the question of its competency as evidence against the accused must be decided upon the facts peculiar to the case and the circumstances under which it was made. The confession of a person in custody to one having legal authority to prosecute or punish him should be rejected when it appears that the same resulted from anything calculated to induce the fabrication of a false statement concerning his participation in a crime. While the competency of the confession before us is too perceptible to justify the citation of supporting authority, and we are not called upon here to sanction the doctrine of the following cases, we quote therefrom without comment as follows: "The fact that a confession was made in answer to a questiin assuming the guilt of the person confessing, or was obtained by artifice, falsehood, or deception, or procured by a caution to the accused to tell the truth, if he said anything, does not render the confession inadmissible in evidence. Unless there is a positive promise of favor, made or sanctioned by a person in authority, or the inducement held out is calculated to make the confession untrue, it will be admissible." State v. Staley, 14 Minn. 105 (Gil. 75). "Whether the confessions of a person accused of crime are voluntary or not is a question of fact to be determined by the judge who tries the cause; and his decision that they were voluntary and admitting the evidence will not be reversed, unless a case of clear and manifest error is shown. In such a case it is not sufficient to reverse the decision that the witness pressed the respondent to disclose the really guilty party behind him that he might be punished, and suggesting that he, the respondent, might be called as a witness against the really guilty party, in which case they would have to get him pardoned, telling him at the same time that

he could make him no promises." State v. Squires, 48 N. H. 364. "An extrajudicial confession will not be received in evidence unless it has been freely and voluntarily made. If it has been extorted by fear or induced by hope of benefit, profit, or amelioration, it should be excluded; but mere advice or admonition to the defendant to speak the truth, which does not import a threat or benefit, will not render a confession then given incompetent." State v. Kornstett, 62 Kan. 221, 61 Pac. 805. "The mere fact that two officers who had arrested a boy 13 or 14 years old without a warrant upon suspicion of having committed a crime, after searching him, stripping him of his clothing, and, putting him into a cold cell at the police station, took him from the cell late at night and questioned him for two hours, without warning him of his right not to answer, or offering him opportunity to consult friends or counsel, does not render his confession in the conversation inadmissible on his trial for the crime." Commonwealth v. Cuffee, 108 Mass. 285. "A prisoner's confession to the officer arresting him or holding him in custody will not be rejected merely because it was made in answer to a question which assumed his guilt." State v. Berry, 50 La. Ann. 1309, 24 South 329. "Where the circumstances proved show a confession of guilt was freely and voluntarily made, it should be admitted in evidence, although there may be evidence of threats and promises made at the time the confession was obtained." Bartley v. State, 156 Ill. 234, 40 N. E. 831. "A confession procured by artifice is not for that reason inadmissible, unless the artifice used was calculated to produce an untrue confession." State v. Fredericks and Reed, 85 Mo. 145. "A confession which is affirmatively shown to have been made voluntarily, though made while the defendant was under arrest, and in response to questions propounded by the officer having him in custody, is admissible evidence." Spicer v. State, 69 Ala. 159. As being most favorable to the contention of counsel for plaintiff in error and consonant with the doctrine that a confession made by the accused while under arrest is always admissible when not obtained by solicitations, promises, inducements, threats or fraud, the following cases are cited: State v. Guy, 69 Mo. 430; People v.

Kamaunu, 110 Cal. 609, 42 Pac. 1090; Roesel v. State, 62 N. J. Law, 216, 41 Atl. 408; Green v. State, 40 Fla. 191, 23 South, 851; State v. Sopher, 70 Iowa, 494, 30 N. W. 917; Hite v. Commonwealth, 96 Va. 489, 31 S. E. 895.

Before offering the confession in evidence, the corpus delicti was established by undisputed testimony that is clear, cogent, and convincing, and no solicitation, coercion, or promise of immunity can be reasonably inferred from the state's attorney's declaration; "You are up against it. Mr. Vey has told how you did the shooting of this man down on the track." The record before us warrants the presumption that the accused is a reasonably intelligent man in possession of all his faculties, and that his principal incentive for volunteering the self-incriminating affidavit was to tell the truth as to his complicity, and charge the act of firing the fatal shot to Vey. It is plain that the accused knew the nature of the charge and the mere fact that he was angry when he told "just how it happened" does not render his spontaneous statement inadmissible as evidence against him. There is no merit in the assignment of error presenting the question for review.

This view of the voluntary character of the confession and its consequent competency disposes of the objection to introducing in evidence the coat fully described therein and found by the officer having it in custody just where the accused said it was thrown away by Herman Edward Vey during their flight from the tragic locality of the crime. So the red pockethandkerchief identified by him in the same manner was properly admitted in evidence with the coat for what such exhibits were worth in determining the question of guilt or innocence.

At the conclusion of the arguments and charge of the court to the jury, the follownig instruction was offered on behalf of the accused, and marked "Refused" by the court, on the ground that the same was not presented in time: "I hereby instruct you that, if you should find from the evidence in this action that the alleged confession or statement of this defendant was obtained from him under such circumstances as lead you to believe that it was not the free and volutary statement of the defendant, then you are at liberty to entirely disregard the same." Assuming, without decid-

ing, that such tardiness in offering an instruction in a criminal case is untenable ground for its rejection, a reversal will not follow, if there is as a matter of law a justifiable reason for its refusal. That the confession of guilt was the voluntary act of the accused stood proved by undisputed testimony so clear, direct, and convincing that its admission in evidence was properly decided by the court as a strict matter of law, and to determine its weight in view of all the facts and circumstances to be considered under the instructions already given was the only province of the jury. Upon this unquestioned state of the record, and in the absence of anything whatever to warrant the inference that the confession was obtained from the accused under circumstances justifying the belief that it was not free and voluntary, it was not the duty of the court to instruct the jury that it might reverse its ruling on a question of law and decide the point adversely to the prosecution in utter disregard of the undisputed evidence. People v. Meyer, 162 N. Y. 357, 56 N. E. 758; Goodwin v. State, 102 Ala. 87, 15 South 571; People v. Barker, 60 Mich. 277, 27 N. W. 539, 1 Am. St. Rep. 501; Williams v. State, 72 Miss. 117, 16 South. 296. While good authority may doubtless be found to justify the submission of the competency of a confession to the jury, it is only where the evidence is conflicting, and the following cases are to the effect that the question must always be determined by the court as a matter of law: State v. Holden, 42 Minn. 350, 44 N. W. 123; Hauk v. State, 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; State v. Willis, 71 Conn. 293, 41 Atl. 820; Commonwealth v. Johnson, 162 Pa. 63, 29 Atl. 280; State v. Wintzingerode, 9 Or. 153; Commonwealth v. Cluver, 126 Mass. 464; State v. Fidment, 35 Iowa, 541; State v. Hopkirk, 84 Mo. 278; State v. Squires, 48 N. H. 364; Biscoe v. State, 67 Md. 6, 8 Atl. 571; Corley v. State, 50 Ark. 305, 7 S. W. 255; State v. Crowson, 98 N. C. 595, 4 S. E. 143; State v. Workman, 15 S. C. 540; State v. Gorham, 67 Vt. 365, 31 Ttl. 845; Lefever v. State, 50 Ohio, 584, 35 N. E. 52; 3 Enc. of Ev. 343. With nothing in the record to show knowledge on the part of the jury that another has been tried for the same offense, the following instruction was rightfully refused: "I further instruct you, gentlemen, that the fact that another in-

dividual has been tried, convicted, or acquitted for this crime should not influence you in any manner in rendereing your verdict in this case."

As the accused did not testify at the trial and the statute declares that his failure to do so shall create no presumption against him, it is urged that his right to stand on the legal presumption of innocence was invaded by the statement of the state's attorney in the course of his argument to the jury that "he made his own confession and it is not disputed." To thus comment on the sufficiency of the evidence at the conclusion of the trial, without referring to or in any manner mentioning the accused, was entirely inadequate to bring the case within the prevailing rule and the decisions of this court to the effect that the failure of the accused to go upon the stand as a witness must not be alluded to in the presence of the jury.

No errors of law occurred at the trial in the admission or rejection of testimony and the instructions to the jury covered every legal point in the case in such manner that no objection thereto is maintainable.

The judgment of the trial court is therefore affirmed.