STATE, Respondent v. SCHIMKAT, Appellant

(199 N.W.2d 37)

(File No. 10955. Opinion filed June 28, 1972)

524

**Frances Niemoller,** Asst. Atty. Gen., Pierre, for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., Pierre, on the brief.

**Morris Myers,** Aberdeen, for defendant and appellant; **Warren W. May,** Pierre, on the brief.

BIEGELMEIER, Judge.

Defendant was convicted of grand larceny of a 12-inch portable color television set. He appeals arguing two points in his Appellant's Brief.

After the state rested, defense counsel advised the court he had a motion to make. The jury was excused, the motion heard and denied; thereupon counsel stated: "That's all we have * * * I would like to inform the Court at this time that the defense will not offer any evidence and we will rest at this point." Upon return of the jury the court stated: "The defendant is present and you may proceed." Defense counsel announced: "Your Honor, the defense presents no testimony and it rests." *

The trial judge then said: "Very well. Members of the jury, the State having previously rested and the defense now having rested

---

\* In the argument to the jury defendant's attorney reminded the jurors of the decision that defendant would not testify in the following words: "Now, as I explained in the initial questioning of you jurors in the voir dire examination, I told you that the defendant would not testify in these proceedings and he did not. Now, that was my decision. I told him to not testify and for the reasons which I will give you. Now if you feel that was a mistake then that, too, was my mistake, and I should bear the brunt of it. The defendant, Jerry, should not." He then stated his reasons for that decision.

its case without putting in evidence, this completes the testimony in this case. It will be necessary for the Court to prepare the Instructions."

Defendant contends the defendant's personal privilege to stand on the legal presumption of innocence was invaded and the jury prejudiced by the court's remark, citing State v. Jones, 21 S.D. 469, 113 N.W. 716. There the deputy state's attorney in an embezzlement prosecution stated in argument that a witness had testified the check had been deposited to defendant's account in a bank " 'and it has not been denied by the defendant.' " This was held to be error as it related to the failure of defendant to take the stand and deny the act relied upon for his conviction.

■ The opinion in State v. Landers, 21 S.D. 606, 114 N.W. 717, by the same judge, declares the comment by the state's attorney that defendant " 'made his own confession and it is not disputed' " was inadequate to bring it within the rule that failure of accused to take the stand as a witness must not be alluded to in the presence of the jury. The court was only mentioning the procedural situation in words similar to those used by defense counsel. The term evidence included documentary or verbal statements and material objects admissible in a trial and proven by any witness. We perceive no error under this record.

■ It is also urged on defendant's motion for a directed verdict of acquittal that a prima facie case of grand larceny was not established — this based on the claim that the set was taken with the consent of the owner. The evidence showed defendant entered the Brick Skelgas store during a noon hour when the owner and three employees were absent and only one employee, a bookkeeper, was on duty. Defendant asked the employee to fill propane bottles in his camper. The employee went to the camper, got two bottles, took them to an outside pump and filled them, leaving defendant in the office. The building has two doorways, the main one on the east. From a south side counter a passage led to a back door and an outside garbage container. Among the small T.V. sets on the counter was a Sony valued at over $300. When the bookkeeper returned with the filled bottles,

collected the price and replaced the bottles in the camper, the defendant left. Shortly thereafter it was discovered the Sony T.V. set was missing. A check made of employees disclosed it had not been sold. The warranty cards were also missing. An employee searched the garbage can and found the set there covered with cardboard. It was brought back to the counter, and after a police investigation returned to the garbage can and recovered with cardboard. That evening at 7:30, after the store closed, an officer, who had taken up a watch from an inconspicuous place, noticed a car approach. It was driven by defendant who went to the can, removed the cardboard covering, took the set and put it in the back seat of his car, the door to which he had left open. While doing so the officer accosted defendant.

Defendant argues the T.V. set was taken from the trash can with the consent of the owner, and so there was no larceny. The crime of larceny was complete when defendant removed the T.V. set from the display counter and concealed it outside the building beneath the cardboard covering. That was sufficient asportation. State v. Crowe, 196 Kan. 622, 414 P.2d 50; People v. Bradovich, 305 Mich. 329, 9 N.W.2d 560. See generally 50 Am.Jur.2d, Larceny, § 16. This was done clearly without the consent of the owner. The jury could find that defendant expected to and did return that evening to retrieve the set from the place where he had secreted it and to which the owner had replaced it; that did not change that lack of consent nor affect the prior larceny. It only furnished added evidence of the identity of the person who removed the set from the counter and hid it in the trash can.

■ Defendant's claim of consent is akin to the defense of entrapment, which presupposes the commission of a crime. It was not presented to the trial court. When officers merely furnish an opportunity for a dishonest person to take property and lie in wait in anticipation of his appearing and taking the property, there is no entrapment to commit larceny. State v. Snow, 98 N.H. 1, 93 A.2d 831; State v. Herschberger, 160 Kan. 514, 163 P.2d 407; 50 Am.Jur.2d, Larceny, § 139, and 10 A.L.R.3d 1131, § 5(a).

Defendant's Reply Brief argues a question not mentioned in Appellant's Brief — that shoplifting is an included offense of

grand larceny. This is not in accord with our rules as it affords no opportunity to the state to answer the contention. In any event, in his cited Manson v. State, 249 Ind. 53, 229 N.E.2d 801, opinion, it appears Indiana has no crime of shoplifting, and in his cited State v. Crowe opinion, which is noted above on a different point, the court sustained the grand larceny conviction as against a claim that a shoplifting instruction should have been given.

The judgment is affirmed.

All the Judges concur.

MILLER, Circuit Judge, sitting for WOLLMAN, J., disqualified.