**Melvin J. BURWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–8703–CR–107.**

Court of Appeals of Indiana,
Second District.

June 30, 1988.

Stephen A. Gross, O'Dell, Gaston & Gross, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Melvin J. Burwell appeals his conviction for theft, a class D felony,[1] claiming insufficiency of the evidence.

We affirm.

Burwell was brought to trial on two charges of theft arising from two separate incidents. Count I was dismissed pursuant to Ind. Rules of Procedure, Trial Rule 41(B). We need not accept the State's invitation to consider the evidence submitted on that count, which the State describes as evidence of a common scheme or plan, in order to determine that the conviction for Count II was warranted. The evidence of record for Count II, standing alone, is sufficient.

The Count II evidence most favorable to the State reveals that on November 9, 1985, the head of security for a retail establishment (Security) watched Burwell place a microwave oven onto a shopping cart and push the cart to a cashier's station. Security heard Burwell tell the cashier that he had a bad back, and that he needed assistance in transporting the microwave to his car. Burwell testified that he explained to the cashier his need, prior to purchasing the oven, to determine that it would fit into his trunk. At no time did he represent that he had paid for the merchandise. The cashier called for a stock boy. At Security's direction the stock boy responded to the cashier's call and, accompanied by Burwell, pushed the cart bearing the microwave out of the store. A few feet from the curb, Security confronted Burwell and inquired about a receipt for the merchandise. Burwell replied that he had no need of a receipt because he was not pushing the cart.

---

1. I.C. 35–43–4–2(a) (Burns Code Ed.Supp.1987).

Indiana Code 35–43–4–2 defines theft as the knowing or intentional exertion of unauthorized control over another's property, with the intent to deprive the other of any part of its value or use. Burwell's sole argument on appeal is that the State failed to prove the element of unauthorized control; Burwell claims that the stock boy, not he, controlled the microwave when it left the store.

Our Supreme Court in *Williams v. State* defined the term "control" as "the power or authority to manage, superintend, restrict, regulate, direct, govern, administer or oversee." *Williams v. State* (1969) 253 Ind. 316, 321–22, 253 N.E.2d 242, 246 (interpreting Ind.Ann.Stat. §§ 10–3030, 10–3040 (1969 Cum.Supp.)); *see also Holtel v. State* (1972) 1st Dist., 155 Ind.App. 1, 290 N.E.2d 775. The statutory definition of control at that time read, " '*Obtains or exerts control over property' includes but is not limited to* the taking, carrying, driving or leading away ... or possession of property...." Ind.Ann.Stat. § 10–3040, *supra* (emphasis supplied).

 Our current statute sets forth a slightly modified definition: " '*[E]xert control over property' means to obtain,* take, carry, drive, lead away ... or possess property...." I.C. 35–43–4–1(a) (Burns Code Ed.Repl.1985) (emphasis supplied). However, the gist of the *Williams* interpretation of control has not been lost in the process of statutory revision. The law does not now require that property be reduced to physical control. Rather, control may be exerted by overseeing or causing the relevant activity pertaining to the property in such manner as to enable the defendant to take actual control, or to transfer an interest in or possession of the property. *See Trinkle v. State* (1972) 1st Dist., 153 Ind.App. 524, 288 N.E.2d 165 (referencing 1956 statutory definition of "obtain").[2] Here, Burwell asked the cashier to find someone to assist him. The stock boy, in following the cashier's instruction and accompanying Burwell out of the store, complied with Burwell's express request. These facts demonstrate that Burwell caused the cashier's actions and oversaw those of the stock boy, giving rise to an inference that Burwell exerted control over the microwave.[3]

Burwell's contention that the stock boy acted under Security's direction, thus negating any evidence that Burwell exerted control, is without merit. Burwell, not Security, spawned the plan to steal the microwave. Security had no duty, upon suspecting Burwell's actions, to protect the property or even to refrain from "smooth[ing] the way for the commission of the crime in order that the criminal might be apprehended." *Smith v. United States* (1961) 9th Cir., 291 F.2d 220, 221, *cert. denied* 368 U.S. 834, 82 S.Ct. 58, 7 L.Ed.2d 36 (1961); *cf. Quarterman v. State* (1981) Fla.Dist.Ct.App., 401 So.2d 1159; *State v. Schimkat* (1972) 86 S.D. 523, 199 N.W.2d 37. His decision to permit Burwell to leave the store with the merchandise was neither an extension nor an authorization of control, but simply a decision to permit Burwell to follow through with his criminal objective.

Burwell's control over the microwave was unauthorized, exerted "[b]y creating or confirming a false impression in the

---

**2.** To obtain means to procure or cause a thing to be done, to acquire. *See Black's Law Dictionary* 972, 1087, 23 (5th Ed.1979) (defining "obtain," "procure" and "acquire"). The following cases define the relevant terms consistently though in a variety of contexts: *Western Union Telegraph Co. v. Hansen & Rowland Corp.* (1948) 9th Cir., 166 F.2d 258 (tenancy by sufferance); *Ford v. City of Caldwell* (1958) 79 Idaho 499, 321 P.2d 589 (municipalities' duty to procure liability insurance); *Mars v. Miclau* (1958) 168 Ohio St. 144, 151 N.E.2d 735 (broker's action for commission); *LaMar v. State* (1953) 231 Ind. 508, 109 N.E.2d 614 (pandering); *Willey v. State* (1875) 52 Ind. 246 (abortion).

**3.** The court in *Atkins v. State* (1986) 4th Dist., Ind.App., 499 N.E.2d 1180, reached a different conclusion in an analogous fact situation. However, that decision appears to rest upon a lack of evidence that Atkins was any more than an instigator of the theft of three automobiles. Had, as in this case, harder evidence of his control been produced, undoubtedly the majority would have joined with Judge Conover who dissented.

other person...." I.C. 35–43–4–1(b)(4). Burwell's initial response when confronted by Security outside of the store evidenced a familiarity with and an intent to circumvent the elements of the crime of theft. The court could reasonably infer from this statement and Burwell's actions that Burwell requested assistance not out of physical need as he told the cashier, but to acquire an unwitting foil in his commission of a crime. This evidence of unauthorized control was sufficient to sustain the conviction.

Affirmed.

SHIELDS, P.J., and HOFFMAN, J., concur.