**Melvin J. BURWELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. B85–583.**

Supreme Court of Indiana.

Feb. 17, 1989.

Stephen A. Gross, O'Dell, Gaston & Gross, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen. Office of Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice—dissenting to denial of transfer.

This case is before us on petition to transfer. The Court of Appeals affirmed the conviction for theft in *Burwell v. State* (1988), Ind.App., 524 N.E.2d 817. A majority of the court has denied transfer.

The facts, as related by the Court of Appeals, are as follows: On November 9, 1985, the head of security for Kohl's, a retail establishment, watched Burwell place a microwave oven onto a shopping cart and push the cart to a cashier's station. Security heard Burwell tell the cashier that he had a bad back, and that he needed assistance in transporting the microwave to his car. Burwell testified that he explained to the cashier his need, prior to purchasing the oven, to determine that it would fit into his trunk. At no time did he represent that he had paid for the merchandise. The cashier called for a stock boy. At security's direction the stock boy responded to the cashier's call and, accompanied by Burwell, pushed the cart bearing the microwave out of the store. A few feet from the curb, security confronted Burwell and inquired about a receipt for the merchandise. Burwell replied that he had no need of a receipt because he was not pushing the cart.

The sole issue on appeal is whether the State presented sufficient evidence on the element of appellant's exertion of control over the property of another. Appellant was charged with theft pursuant to I.C. 35–43–4–2. The information alleged that he unlawfully and knowingly exerted unauthorized control over the property of Kohl's with the intent to deprive Kohl's of its value or use. As defined by I.C. 35–43–4–1, "exert control over property" means "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property."

Appellant did not exert control over the property of Kohl's under the above defini-

tion. The stock boy, following the instruction of the security officer and in response to a "99" (stock boy) page, reported to the cash register. Upon his arrival appellant requested assistance getting the microwave to his car. Thereupon, the stock boy pushed the cart containing the microwave oven out of the store. There was no testimony that the stock boy was acting under direction from appellant as to how to proceed. He testified that he did not know the location of appellant's car. The Court of Appeals found that the stock boy was following the cashier's instructions to accompany Burwell out of the store. However, testimony to this effect does not appear in the record. The cashier did not testify and neither appellant, the stock boy nor security testified as to the contents of any conversation between the stock boy and the cashier. There is no evidence that Burwell asserted that he had in fact purchased the microwave. There is no evidence that he directed the stock boy to remove the oven from the store. The result here was that, in the exuberance of security to catch appellant red-handed, the opportunity for appellant to commit one element of the crime, namely the exertion of control, never materialized. As it stands, there was never a transfer of control.

The State also urges consideration of events occurring three days before this incident. At that time the security guard claims to have seen appellant accompanying a stock boy pushing a cart containing a microwave oven in the parking area in front of the same Kohl's store. Upon discovering that there had been no purchase of a microwave that day, the security officer apparently returned to the parking lot in time to see appellant driving away with the microwave oven in his backseat. Appellant was charged with theft for this incident, tried jointly with the case before us, and acquitted. The evidence of this prior incident was relevant in proving appellant's intent to commit the theft. However, it does not impact on the decision as to whether or not, at the time he was stopped by security, he had exerted control over the microwave oven.

The facts presented here do not support such a determination. The opinion of the Court of Appeals should be vacated and the conviction reversed.

SHEPARD, C.J., concurs.