## Nicola Nicastro, minor by Allessio, his next friend, Appellee, v. City of Chicago et al., Appellants.

### Gen. No. 17,684.

1. NEGLIGENCE—*where city maintains fire house with unguarded openings.* Where a child taken into a fire house by a fireman falls through the pole hole, the city is not negligent, since it is exercising a purely governmental function and owes no duty to the plaintiff.

2. CITIES AND VILLAGES—*city not responsible where fireman takes child into fire house.* Where a child taken into a fire house by a fireman falls through the pole hole, the city is not liable, since it was the personal act of the fireman not authorized by the city, and the doctrine *respondeat superior* does not apply.

3. CITIES AND VILLAGES—*evidence of notice to city.* In a personal injury action against the city, where the declaration contains no averment that notice of the alleged accident was served, it is error to permit plaintiff to introduce evidence of such notice over objection of defendant.

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 17, 1912. Rehearing denied December 31, 1912.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

A. E. FERRIS, for appellee; E. F. MASTERSON, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal by the City of Chicago is from a judgment in an action on the case brought by Nicola Nicastro, a minor, by his mother as next friend, to recover damages on account of injuries sustained by falling through an unguarded opening on the second floor of the city fire-house at No. 13 Taylor street, Chicago.

The declaration consists of three counts. The first locates the premises at 11 West Taylor street, describes them, and states that the defendant Slater took plaintiff through the window of the fire house to the second floor, and placed him on the floor and allowed him to go at liberty; that it was the duty of defendant to guard the opening in the floor and not permit children of tender years to be upon the premises, and that the plaintiff fell through the hole in the floor and was injured.

The second count is similar, except that it alleges a duty on the part of appellant in the employment of safe and careful employees, but that it was negligent in that regard in employing Slater.

The third count avers that it was the duty of defendants to prevent children of tender years from going on the second floor of the fire building and leaving them unattended, and that they disregarded such duty and were negligent whereby the plaintiff. suffered injury.

The evidence shows that on March 28, 1910, the plaintiff, a boy of three years of age, was playing in the alley nearby the fire house in question, and that Frederick Slater, one of the city firemen, took the plaintiff with his sister Emily through the window of the fire house and to the second floor. In the second floor are three holes, each large enough for a man's body to pass through, with a brass pipe about two inches in diameter extending down from the hole to the floor below. These holes and pipes were used by the firemen who slid down the poles instead of using the stairs for the purpose of enabling them to get downstairs quickly. It further appears from the evidence that the plaintiff, while on the second floor with his sister and Slater, fell through one of these holes to the floor below, striking his head and sustaining the injuries complained of. It is shown by the evidence that the pole hole in question is similar to those in all fire houses in the city, and was in good condition. There was no guard around it. It was not the practice nor is it prac-

ticable to place guards around these holes in any of the fire houses of the city.

The jury rendered a verdict in favor of the plaintiff for $1,250. A motion for a new trial was made, which the court overruled. Thereupon a motion in arrest of judgment was made by the appellant which was overruled and judgment entered on the verdict.

It is contended on behalf of the appellant that in maintaining fire houses with unguarded openings through the floors for the expeditious use of firemen, the city was exercising a purely governmental function and owed no duty to the plaintiff in the premises. In our opinion, this contention of the city is sound. Wilcox v. City of Chicago, 107 Ill. 334; Fisher v. Boston, 104 Mass. 87; Brown v. District of Columbia, 25 L. R. A. (N. S.) 98; Blake v. City of Pontiac, 49 Ill. App. 543.

In our opinion the city was exercising a purely governmental function in maintaining the fire house in question, and that the reasonings of the courts in the above cited cases clearly established the proposition of appellant as to the nonliability of the city for the alleged negligence in maintaining the fire house in the condition shown by the evidence.

The act of the fireman in taking plaintiff into the fire house and up to the second floor thereof and leaving him unguarded was merely his personal act not authorized by the city, and for the consequences of that act the city cannot be held liable. The doctrine of *respondeat superior* does not apply to the case. Wilcox v. City of Chicago, *supra;* City of Chicago v. Turner, 80 Ill. 419; Culver v. City of Streator, 130 Ill. 238; Craig v. City of Charleston, 180 Ill. 154; City of Chicago v. Williams, 182 Ill. 135; Brown v. District of Columbia, *supra*.

In view of the conclusion thus reached, it is not necessary for us to discuss the question of notice to the city. It, however, may be said that the declaration contains no averment that notice of the alleged

accident had been served upon the city, and it was error to permit the plaintiff to introduce evidence of such notice over the objection of appellant. Erford v. City of Peoria, 229 Ill. 546; Walters v. City of Ottawa, 240 Ill. 259.

The judgment in this case is a joint judgment against the city of Chicago and the defendant Frederick Slater. Inasmuch as we hold it erroneous as to the city of Chicago, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*