No. 28,903.

JUANITA BARCUS et al., Minors, by JUANITA BARCUS, as Mother and Next Friend, *Appellees,* v. THE CITY OF COFFEYVILLE, *Appellant.*

(282 Pac. 698.)

Opinion filed December 7, 1929.

*Dallas W. Knapp,* of Coffeyville, for the appellant.
*Charles Stephens* and *Frank E. Dresia,* both of Columbus, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the widow and children of Tom Barcus, deceased, for damages for his death alleged to have been caused by the negligence of the city of Coffeyville in that its fire truck, driven by its firemen, on the way to a fire collided with a car in which he was riding. Defendant's demurrer to plaintiffs' petition was overruled, and it has appealed.

The sole question presented is whether the city is liable to plaintiffs in any sum. The city contends that in the maintenance and operation of its fire department it performs a governmental function, and that it is not liable for injuries which are the result of negligent acts of its servants or officers while engaged in the performance

of their governmental duties. This contention must be sustained. The general rule, well settled in this state and elsewhere, is that in the performance of governmental functions neither the state nor any of its political subdivisions are liable in damages for the negligence of its officers unless made so by statute. *Bruce v. Kansas City*, 128 Kan. 13, 276 Pac. 284, is a late case on this question which cites many of the earlier cases from this court, and it is not necessary to reëxamine our decisions on this question.

In the maintenance and operation of its fire department a city acts in its governmental capacity. In 9 A. L. R. 143 and 33 A. L. R. 688 are exhaustive annotations on the question of the "fire department as pertaining to the governmental or to the proprietary branch of municipality." The annotator uses this language:

"The overwhelming weight of authority is to the effect that a fire department, maintained by a municipal corporation, belongs to the public or governmental branch of the municipality so as to relieve it, at least in the absence of statutory provision to the contrary, from liability for injuries to person or property resulting from malfeasance or nonfeasance connected with the maintenance and operation thereof." (9 A. L. R. 143.)

The two annotations collect more than one hundred cases in support of this statement of the law. Some of the later cases to the same effect are *Rollow v. Ogden City*, 66 Utah 475; *Young v. City of Lexington*, 212 Ky. 502; *Mabe v. Winston-Salem*, 190 N. C. 486; *Gregoire v. Lowell*, 253 Mass. 119; *Florio v. Jersey City*, 101 N. J. L. 535; *Barnes v. City of Waco* (Tex. Civ. App.), 262 S. W. 1081; *White v. City of Casper et al.*, 35 Wyo. 371.

As contrary to the rule above announced appellees cite the case of *Fowler v. City of Cleveland*, 100 Ohio St. 158, but this decision was expressly overruled in the later case of *Aldrich v. Youngstown*, 106 Ohio St. 342, in which latter case the court said:

"This court is of the opinion that there is no difference in principle between this and the Fowler case, and upon its reëxamination has decided to overrule the latter. In doing so we are adhering to the principle announced in *Wheeler v. Cincinnati*, 19 Ohio St. 19, which has not been overruled by this court, the syllabus whereof is as follows:

" 'The power conferred by the statute, on cities of this state, to organize and regulate fire companies, and provide engines, etc., for extinguishing fires, is, in its nature, legislative and governmental; and a city is not liable to individuals for damage resulting from a failure to provide the necessary agencies for extinguishing fires, or from the negligence of officers or other persons connected with the fire department.' " (p. 347.)

Appellee also cites *Kaufman v. City of Tallahassee*, 84 Fla. 634,

which, in turn, cites the case of *Fowler v. City of Cleveland*, supra. But in the second appeal of the Kaufman case, *City of Tallahassee v. Kaufman*, 87 Fla. 119, in which a judgment against the city was affirmed, it was said that the decision in the earlier case "was predicated upon the principles of municipal liability that obtained in this state" and not upon the opinion or decision of the Fowler case. So it may be fairly said that the decisions from the Florida court support the view contended for by appellees, but in this respect these decisions of the Florida court virtually stand alone, being opposed to the decisions in practically every other state in the union.

Appellees cite the case of *Bowden v. Kansas City*, 69 Kan. 587, 77 Pac. 573, in which it was held that a city is "performing a ministerial public duty in maintaining a fire station," and is liable in damages to an employee for personal injuries resulting from the neglect of the city to furnish him a reasonably safe place in which to work. The authority of this case is limited to the relation of employer and employee. (*Harper v. City of Topeka*, 92 Kan. 11, 16, .139 Pac. 1018; *Hibbard v. City of Wichita*, 98 Kan. 498, 500, 159 Pac. 399.) It is not in point on the question before us.

The judgment of the court below is reversed with directions to sustain the demurrer.