ELWOOD FOLEY, an Infant, by His Guardian ad Litem, MARTHA KARL, and MARTHA KARL, Appellants, v. UNION FREE SCHOOL DISTRICT No. 17, TOWN OF OYSTER BAY, COUNTY OF NASSAU, and LOUIS MILLEVOLTE, E. PARKER YUTZLER and MABEL FARLEY, Respondents.— In an action against teachers, principal of a high school, and the board of education of a free school district, based upon alleged negligence as the result of which a pupil was injured while participating in a basketball game, and alleged negligence in care and treatment of the pupil after he had sustained injury, judgment dismissing complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

HORTENSE WHITE GABRIEL, Respondent, v. CHARLES L. GABRIEL, Appellant.— Order denying defendant's motion to modify the final decree of divorce entered herein on June 6, 1938, and granting plaintiff's cross-motion for an award of counsel fee to oppose defendant's application, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

LEONARD HAYNES, JR., an Infant, by LEONARD HAYNES, His Guardian ad Litem, and LEONARD HAYNES, Respondents, v. THE CITY OF NEW YORK, Appellant.— Action on behalf of an infant to recover for personal injuries, and by the parent to recover for loss of services. The infant plaintiff was injured when he fell down a cellar opening immediately in front of a city firehouse. Metal doors covered the opening, flush with the sidewalk, although the doors are inside the building line. The doors were open, there was no bar between the doors, and only some empty ash cans were in front of the opening. The infant plaintiff, either while playing with or being shoved by some other boy, struck an ash can and both he and the can fell down into the cellar. There was evidence that the doors over the hole were open for three or four hours. Judgment entered on the verdict of a jury in favor of plaintiffs reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The maintenance of the firehouse property is a governmental activity and for the negligence of the firemen in connection therewith the municipality is immune from liability. There was no notice to the city of a dangerous condition on the sidewalk or on the property. Knowledge by the firemen is not such notice. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.