No. 15,489.

Barker et al. *v.* City and County of Denver
(160 P. [2d] 363)

Decided June 4, 1945.   Rehearing denied July 2, 1945.

Messrs. Barker & Webster, Mr. Davis L. Barker, for plaintiffs in error.

Mr. Malcolm Lindsey, Mr. Frank L. Hays, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

An action by plaintiffs in error against defendant in error and an individual, for damages. There was voluntary dismissal as to the individual defendant, and the general demurrer of defendant in error (under the code) to the complaint was sustained. Plaintiffs in error

elected to stand on their complaint, and suffered judgment of dismissal.

Plaintiffs in error alleged that they were the owners of a certain dwelling in Denver in which a fire occurred, resulting in a loss of more than three thousand dollars; that within five minutes from the time the fire originated an alarm was telephoned to the Denver fire department, to which a fire company promptly responded; that notwithstanding there was a fire hydrant within about two hundred feet of the scene of the fire, the fire company, in charge of the individual who was originally joined as a defendant, as captain, did not attach hose to that hydrant, but did attach it to a hydrant some eleven or twelve hundred feet from the point of the fire, whence the hose that was carried was not of sufficient length to reach the place of the conflagration; that to the delay consequent, the loss, as alleged, was ascribable, hence actionable negligence attended, in relation to which defendant in error, acting within its administrative capacity, as said, was liable.

That the members of the fire company connected hose with a hydrant at such distance from the scene of the fire when the supply of hose which it carried was not ample in length to serve effectively, rather than with a hydrant only a short distance from the fire, and well within the length of the hose, is not understandable. Whatever of mystery in that regard there may be, primarily, at least, is properly referable to city authorities of higher rank than those constituting the fire company involved. The question for judicial decision, and only with that may we be concerned, is whether, the premises considered, the city is liable.

The doctrine of our decisions, and of courts generally throughout the country on the subject, as our study convinces, was comprehensively stated by our late Justice Campbell in *Moses v. Denver,* 89 Colo. 609, 5 P. (2d) 581, and is to the effect that while officers

and agents of the fire department of a municipality are in the performance of duties appertaining to such department, as here, the municipality is functioning publicly and governmentally, and liability does not attend. The trial court proceeded in the light of our pronouncements and adjudged in accordance therewith. We do not perceive error.

Let the judgment be affirmed.

Mr. Chief Justice Bakke and Mr. Justice Alter concur.