No. 37,630

Dale Edward Rhodes, a Minor, by Mary Rhodes, His Mother and Next Friend, *Appellant,* v. The City of Kansas City, *Appellee.*

(208 P. 2d 275)

Opinion filed July 9, 1949.

*C. D. Bruce,* of Kansas City, argued the cause and was on the brief for the appellant.

*James H. Barnes* and *William H. Towers,* deputy city attorneys, argued the cause, and *Alton H. Skinner,* city attorney, *Joseph A. Lynch* and *C. W. Brenneisen, Jr.,* deputy city attorneys, were with them on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action by a minor six years of age by his mother as next friend to recover damages on account of the alleged negligence of employees of defendant city. The facts as narrated in the petition are as follows:

Plaintiff and his mother reside at 910 S. Eighteenth St., Kansas City, Kan. On the rear of the lot numbered 906 S. Eighteenth St. there was an old dug-out basement in which there was an accumulation of sawdust and debris collected in prior years; that several days prior to September 17, 1945, such debris was set on fire and

the fire department of defendant city came out on two different days and endeavored to put out the fire,

". . . but that they negligently failed to properly perform their duty and after two trips out on two different days they negligently left said dug out basement burning beneath the surface of the debris therein forming a hidden fire trap and an attractive nuisance to small children like minor plaintiff in violation of defendant city's duty to abate said nuisance and fire trap."

that on September 17, 1945, at or about 6:30, p. m., minor plaintiff, being attracted by the dug-out basement and attractive nuisance negligently left by such employees of defendant city, walked across the same and his right foot and leg sank down about a foot in said debris and into the hot burning coals and embers beneath the surface; that his foot was caught by an old tree limb so that he could not extricate himself and as a result his foot and leg were severely burned. Then follows an allegation concerning the extent of his injuries, all of which it is alleged were "caused by the aforesaid negligence of defendant city and its failure by its agents, servants and employees to perform properly its duty to put out said fire and abate attractive nuisance, as was its duty."

The petition then alleges the giving of the statutory notice of claim to the city, the latter's denial thereof, and the prayer seeks judgment in the sum of $15,000.

No motion was directed against the petition and the defendant city's demurrer thereto on the ground that it did not state facts sufficient to constitute a cause of action against the defendant and in favor of plaintiff was sustained, following which plaintiff took this appeal.

The sole question thus presented for consideration is whether the allegations of the petition are sufficient to constitute a cause of action in favor of plaintiff and against defendant city.

Briefly stated, the respective contentions of the parties are as follows:

The defendant city contends that under the general governmental-function rule, particularly as it applies to the operation and maintenance of a fire department, the city cannot be held liable for the negligence, misfeasance or malfeasance of its servants and employees. The plaintiff on the other hand, while conceding the governmental-function rule, argues that the instant case falls within the well-recognized exception to the general rule in that the city may be held liable for the creation and maintenance of a nuisance even while engaged in such govenmental function.

The question of liability of a city for the negligence of its agents and employees in the performance of its business has been before this court many times and it is well settled as a general rule of law in this state and elsewhere that in the absence of a statute imposing liability, a city is not liable for the negligence or misconduct of its officers or employees in the performance of governmental functions as distinguished from its liability for such acts of negligence in its proprietary or quasi-private capacity. (*Wray v. City of Independence,* 150 Kan. 258, 92 P. 2d 84, citing cases; 38 Am. Jur. 261, Municipal Corporations, § 572.)

It is equally well settled in this state that in the maintenance and operation of its fire department a city is acting in its governmental capacity and is not liable in damages for negligence of its officers or employees in the performance of their duties pertaining to the fire department. (*Barcus v. City of Coffeyville,* 129 Kan. 238, 282 Pac. 698; *Perry v. City of Independence,* 146 Kan. 177, 69 P. 2d 706; 38 Am. Jur. 322, Municipal Corporations, § 623.)

Plaintiff attempts to avoid the effect of the foregoing general principles and relies heavily on the rule laid down in *Jeakins v. City of El Dorado,* 143 Kan. 206, 53 P. 2d 798, in which the well-recognized exception to the immunity while engaged in a governmental function rule, was followed. There the allegations of the petition were that the city constructed a sewer system emptying into a stream and then so negligently operated it as to make it a nuisance to the damage of plaintiffs, and this court, in holding that it would be no defense to the city that the construction and maintenance of a sewer is a governmental function, said:

"In an annotation in 75 A. L. R. 1196, with respect to municipal immunity from liability for acts in performance of a governmental function, it is stated that a majority of the courts passing upon the question have held the immunity of a municipality from liability for acts done in performance of governmental functions does not extend to cases of injury resulting from a nuisance created or maintained by the municipality, and that the municipality is liable although the nuisance was created or maintained in the performance of public duties or governmental functions; and many cases in support are cited." (p. 209.)

As noted, the petition in that case alleged that the city constructed the sewer system and then so negligently operated and maintained it as to make it a nuisance to the damage of plaintiffs, and in the opinion "nuisance" is defined as annoyance, and any use of property by its owner which gives offense to or endangers life or

health, violates the laws of decency or obstructs the reasonable and comfortable use of property of another.

In the same annotation from 75 A. L. R. we find the following statement at page 1204:

"Where the municipality did not create the conditions amounting to a nuisance, its failure to exercise its power to abate the nuisance has been held not to render it liable for injuries resulting therefrom."

Are the allegations of plaintiff's petition sufficient to bring this case within the attractive nuisance doctrine? We think not. Nowhere is there any allegation that the property in question was other than privately owned and we are unable to hold that the facts alleged show the existence of an attractive nuisance or of a nuisance of any sort. The rule of the attractive nuisance cases has been recognized and frequently applied in this state but it is based on the negligence of the proprietor who fails to protect young children attracted to his premises by some dangerous thing or place artificially created there and where he should have anticipated that children would be lured into the danger. It assumes that he has the control of the premises and the right and power to erect fences or guards thereon for the protection of children that will be attracted to the thing or place in question. (*Tavis v. Kansas City*, 89 Kan. 547, 132 Pac. 185.)

In fact, we think that the allegations in the instant case make out a weaker case of a nuisance than the facts in the case of *Bruce v. Kansas City*, 128 Kan. 13, 276 Pac. 284, in which it was held that the maintenance by the city of a free municipal dump and into which a small boy tripped and fell into a pile of hot ashes and was injured thereby was neither an attractive nuisance nor a nuisance of any sort.

Even giving the allegations of the petition their most favorable and liberal construction, the most that can be said is that they allege a fire to have occurred on the private property in question; that the fire department of defendant city came out on two different days to put out the fire but that due to the negligent failure of the department to extinguish the fire a hidden fire trap and an attractive nuisance thus came about. The city did not create or maintain the fire in question. Its fault, if any, consisted in the failure to use the requisite care in remedying a condition otherwise created or occurring. The particular nuisance complained about was created by other persons on private property. The negligence

of the city, if any, was its failure to put out the fire, for which it is not liable. (38 Am. Jur. 327, Municipal Corporations, § 626.)

Summing up these matters and under the general principles of law heretofore set out, we hold that the allegations of the petition are insufficient to state a cause of action in favor of plaintiff and against the city and that the demurrer was properly sustained.

The ruling of the lower court is therefore affirmed.