## 33359. BANKS *v*. CITY OF ALBANY.

DECIDED MARCH 2, 1951.   REHEARING DENIED MARCH 16, 1951.

Ray Y. Cross, E. L. Smith, for plaintiff.

A. N. Durden, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) It is well settled law in this State that a municipal corporation is not liable for the negligence of its officers and employees when acting in a governmental function. Code, §§ 69-301 and 69-307; *Davis* v. *City of Rome*, 23 *Ga. App.* 188 (3) (98 S. E. 231); *Clay* v. *City of Rome*, 74 *Ga. App.* 754 (41 S. E. 2d, 337). The operation or maintenance of a fire department by a municipal corporation is a governmental function. It was held in *Wright* v. *City Council of Augusta*, 78 *Ga.* 241: "A municipal corporation is not liable to an action for damages resulting from the negligence or inefficiency of its fire department, or the insufficiency of the supply of water, although it may levy an annual water tax, and may have in its employment officers whose duty it is to keep the fire-plugs in good order and the mains filled with water, and although there may have been similar negligence by the firemen on previous occasions"; and in *Edmondson* v. *Town of Morven*, 41 *Ga. App.* 209 (6) (152 S. E. 280): "The determination by a city as respects the maintenance of a fire department

for the purpose of extinguishing fires is a governmental function, and the failure of a city to maintain such a department affords no ground for an action against the city for damage from fire caused by a failure of the city to maintain a fire department."

It is conceded by the plaintiff in error in his brief that fire protection by a municipality is ordinarily a governmental function; but he contends that the city here in extending and affording fire protection beyond its corporate limits is not acting or indulging in a governmental function but is acting in a ministerial capacity, as it charged fees for such fire protection.

The City of Albany by its charter and ordinance provisions above referred to was empowered to extend its fire protection to property outside its city limits but within the area described in the ordinance, upon payment of specified annual registration fees. The plaintiff, owning a residence outside the city limits of Albany but within the area described in said ordinance, registered and paid a fee of $10 for service to be rendered him as fire protection for his property for one year, and the period had not expired when his property was destroyed by fire. Do the facts alleged in the petition show that the Albany Fire Department was operated primarily as a source of revenue? We think not. The cost of maintaining and operating a fire department in a municipality for the purpose of giving fire protection to the property therein is paid from funds raised by taxation. Where such fire protection service is extended to property beyond the corporate limits, under the provisions and terms as alleged, it cannot reasonably be said that the fire department is operated primarily as a source of revenue, and that the operation of the fire department is thus changed from a governmental to a ministerial function.

In *Mayor &c. of Savannah* v. *Lyons*, 54 *Ga. App.* 661 (189 S. E. 63), it was held that a charter amendment authorizing the City of Savannah to construct, operate and maintain a flying field outside of the corporate limits of the city and to charge for admissions and fees for the use of the field did not authorize the City of Savannah to operate the airport primarily as a source of revenue, it being held that the operation of the airport was a governmental function, notwithstanding the fees and revenue received from lessees and others for their privileges on the fly-

ing field, it not appearing that the airport was operated primarily as a source of revenue. That case is very similar in principle to the present case. There the city was authorized to charge fees for services to be performed beyond the city limits, and it was held that the operation of the airport was still a governmental function, irrespective of the revenue received therefrom. Here the city was authorized to furnish fire protection beyond its corporate limits under such rules, regulations and charges that the Board of City Commissioners might prescribe, and the fact that a reasonable annual fee was charged for such service did not change the operation of the fire department from a governmental function to a ministerial one. See and compare *Watson* v. *City of Atlanta,* 136 *Ga.* 370 (71 S. E. 664); *Lee* v. *City of Atlanta,* 197 *Ga.* 518 (29 S. E. 2d, 774).

The petition was subject to the general demurrer, and the trial judge did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*