**Arvid OKSA, Plaintiff,**

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant.**

**Civ. No. 5149.**

United States District Court,
N. D. New York.

May 11, 1954.

---

Sharon J. Mauhs, Cobleskill, N. Y., for plaintiff.

Borst, Smith, Benedict, O'Loughlin & Smith, Schenectady, N. Y., Francis A. Molony, Schenectady, N. Y., of counsel, for defendant.

FOLEY, District Judge.

The complaint sets forth four separate claims or causes of action. It is sufficient for the purpose here to state generally that each action centers around the issuance of a motor vehicle liability insurance policy from the defendant to the plaintiff on April 25, 1951, with an endorsement thereon of the same date to the effect that a financial responsibility certificate had been filed by the company with the Bureau of Motor Vehicles of New York. Such certificate, in the usual course, furnished proof of the financial responsibility of the plaintiff pursuant to the Vehicle and Traffic laws of New York and because of the particular status of the plaintiff under such law, allowed him by reason of such

22. 35 U.S.C. § 283.

23. 35 U.S.C. § 284.

24. 35 U.S.C. § 285.

formal certificate to license and operate an automobile. The policy limits were $5,000 and $10,000 coverage, which was the minimum necessary for the legal requirement as to proof of financial responsibility. By Chapter 667, Laws of New York 1951, effective July 1, 1951, such minimum requirement as to amount of proof required of financial responsibility was increased to the amount of $10,000 and $20,000. Art. 6-A, Vehicle and Traffic Law of New York, McK. Consol. Laws, c. 71, § 94-*l*. It was this change in the law that created this litigation.

On August 10, 1951, plaintiff was involved in an automobile accident, and as a result thereof, his license was suspended by the Commissioner of Motor Vehicles on October 1, 1951, apparently because the said policy did not conform in amount to the new minimum requirements of the law as to financial responsibility. The claim arising from such accident was compromised by the defendant within the limits of the policy, and there is no issue as to such payment made under the terms of the policy in behalf of the plaintiff. However, the same thread runs through each cause of action to the effect that the failure of the defendant and its agents to conform the policy to meet the new requirements of law, effective July 1, 1951, caused the plaintiff by reason of the suspension of his license to lose a property and personal right for a long period of time; for which deprivation, as a result of certain alleged conduct on the part of the defendant, he seeks substantial money damages. Each claim or action, although based upon essentially the same facts with the exact result of alleged injury, is skillfully and competently drawn to bring into play different legal concepts and principles to support the stated claims. The defendant moves against the complaint in its entirety, and as to each cause of action, upon the ground that there is separate and combined failure to state a claim upon which relief can be granted. Federal Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A.

This same action was instituted in the Supreme Court of the State of New York, Schoharie County, 137 N.Y.S.2d 871, by the same plaintiff against the same defendant named herein. A substantially similar complaint had a trial run in that court. Upon a motion to dismiss by the defendant, Hon. Donald S. Taylor, Supreme Court Justice, granted such motion upon the grounds of general legal insufficiency but granted leave to the plaintiff to plead over within twenty days after notice of entry of the formal order of dismissal. Justice Taylor wrote a memorandum opinion dated April 20, 1953, outlining in detail his reasons for such dismissal. The plaintiff did not plead over, but voluntarily discontinued the state action and instituted the present action, with jurisdiction in the federal court because of diversity of citizenship.

The opinion of Justice Taylor is referred to because it is entitled to serious consideration here even though it was not a final adjudication of dismissal. Further, it is a cogent and penetrating analysis of the complaint and legal principles to be applied. It is most helpful as intelligent indication to assist this federal court to attempt to decide what the courts of New York would do were the case presented to them. American Machine & Metals v. De Bothezat Impeller Co., 180 F.2d 342, certiorari denied, 339 U.S. 979, 70 S.Ct. 1025, 94 L. Ed. 1383; Amtorg Trading Company v. Miehle, D.C., 108 F.Supp. 170, 173.

Justice Taylor outlined substantial reasons, far beyond the technical defects noted, which pointed up the legal insufficiency of the allegations of the several causes of action. In my judgment, such defects have not been overcome by the pleading here.

Independently, my conclusion is that each cause of action is necessarily based upon a contract of insurance that is complete by its own terms, and must comprise the entire agreement between the parties by the specific law of New York. Condition 25 of policy; Section 94-q(i) (2), Vehicle and Traffic Law of New York. Custom and usage, negligence,

·conspiracy, in my judgment cannot alter the duties and obligations of the parties under the express provisions of the contract. Nowhere in the contract or endorsement is there any duty imposed upon or assumed by the defendant company to conform the limits of the coverage to possible changes in the law in that respect. Nor is there any intimation throughout that the plaintiff made request for such change. To the contrary, there is express provision that the coverage shall comply with requirements of the financial responsibility laws, "but in no event in excess of the limits of liability stated in this policy". (Condition 9 of policy.) The contract is a simple one of liability insurance and not one to insure automatically the plaintiff's continued privilege to operate an automobile in the State of New York.

The changes in the pleading are not of sufficient substance to avoid the impact and conclusions of the state court decision. It is my conclusion there is not sufficient legal quality and foundation present under any theory of proof to uphold the complaint. The complaint is dismissed in its entirety and it is so ordered.