**Arvid OKSA, Plaintiff-Appellant,**

v.

**AMERICAN EMPLOYER'S INSURANCE COMPANY, Defendant-Appellee.**

**No. 104, Docket 23220.**

United States Court of Appeals, Second Circuit.

Argued Dec. 13, 1954.

Decided Jan. 4, 1955.

Sharon J. Mauhs, Cobleskill, N. Y., for appellant.

Borst, Smith, Benedict, O'Laughlin & Smith, Schenectady, N. Y., for appellee, Francis A. Molony, Schenectady, N. Y., of counsel.

Before SWAN, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

On April 25, 1951 the plaintiff purchased from the defendant a one year motor vehicle liability policy which enabled him to comply with the New York Motor Vehicle Safety Responsibility Act then in force, Vehicle and Traffic Law, McK. Consol.Laws, c. 71, § 94 et seq. The limits of liability, as expressly stated in the policy, were $5,000 for each person killed or injured, with a maximum of $10,000 for all persons involved in a single accident. By an amendment to the statute effective July 1, 1951, Vehicle and Traffic Law, § 94–*l*, the minimum policy limits required for proof of financial responsibility were increased to $10,000 and $20,000. In August 1951 the plaintiff's automobile was involved in an accident. Thereafter the Commissioner of Motor Vehicles suspended the plaintiff's license to operate a motor vehicle because his liability policy did not meet the financial responsibility requirements of the 1951 amendment. The present action sought damages from the defendant because it had not increased the limits of liability of the policy to satisfy the new requirements. The complaint contained four counts alleged respectively in terms of contract, custom, negligence and conspiracy to defraud. The district judge considered each of the alleged causes of action and demonstrated its insufficiency. The appeal is utterly futile. How the appellant could have hoped to succeed is beyond comprehension. The judgment is affirmed on the opinion of Judge Foley, D.C., 128 F.Supp. 681.