No. 39,566

A. A. PERKINS, *Plaintiff-Appellant*, v. THE CITY OF LAWRENCE, KANSAS, a Municipal Corporation, *Defendant-Appellee.*

(281 P. 2d 1077)

Opinion filed April 9, 1955.

*A. A. Perkins*, of Lawrence, argued the cause and was on the briefs *pro se.*

*Charles D. Stough*, of Lawrence, argued the cause and was on the briefs for defendant-appellee.

The opinion of the court was delivered by

SMITH, J: This is an action for damages alleged to have been sustained when gasoline alleged to have been negligently spilled in the street by three of defendants was negligently ignited by an employee of the defendant city and plaintiff's automobile was destroyed. The demurrer of the defendant city to the petition was sustained. Plaintiff has appealed.

The petition named as defendants The City of Lawrence, the fire chief, a fireman and three other corporate and personal defendants. It alleged the incorporation of Lawrence; the official capacity of the firemen; that Powell operated as the Powell Construction Company; that Parker operated the Parker Buick Company in Lawrence and that the Standard Oil Company was a corporation; that Parker's Standard Oil Service Station, located at 700 New Hampshire Street, was under the joint control of the Parker Buick Company and the Standard Oil Company on January 30, 1952; that they were engaged in removing gasoline storage tanks from the ground, pursuant to a contract between them; that plaintiff's automobile was parked nearby in the street; that defendants, Standard Oil Company, Parker Buick Company and Powell Construction Company, negli-

gently spilled large quantities of gasoline on to the street along the curbings and it accumulated under cars, especially plaintiff's car, creating a dangerous hazard for the lives and property of the public; the fire department of the city was called and Fireman Bowen at the direction of Chief Ingels negligently touched a cigarette lighter to the surface of the street, causing gasoline fumes to burst into flame and destroying plaintiff's automobile; that the spilling of the gasoline and its spreading created a dangerous condition and the destruction of plaintiff's automobile was the direct result of the negligence stated.

The petition then set out four particulars in which the three companies were negligent and alleged the city's fire department was negligent as follows:

"(a) City of Lawrence's Fire Department's Firechief's telling a Fireman to touch a cigarette lighter to the ground when the City of Lawrence's Fire Department's Firechief knew or should have known that the gasoline fumes and the gasoline were present and would easily ignite and result in a fire that would damage and did damage the property of others, and this plaintiff's in particular.

"(b) City of Lawrence's Fire Department's Firemen's following such a notion of the City of Lawrence's Fire Department's Firechief's and actually 'playing with fire' in such a manner, i. e., in touching a cigarette lighter to the ground.

"(c) Failing to exercise a high degree of care when working with a highly combustible and inflammable product such as gasoline when they knew or should have known that gasoline was easily ignited and that when ignited could thereby endanger the lives and the property of the public.

"(d) City of Lawrence's Fire Department's standing idly by in confusion, amazement, and disregard and permitting plaintiff's automobile to be destroyed by flames they had thus engendered; while the City of Lawrence's Fire Department could have with little or no effort have opened the unlocked door of plaintiff's automobile and let it coast down the hill to safety from the flames."

The petition then alleged demand on the city and nonpayment.

The defendant city demurred to this petition on the ground it did not state facts sufficient to constitute a cause of action against it.

The plaintiff argues the rule long followed by us that a city is not liable for torts committed by its employees and agents in the operation of its governmental capacity should be overruled. He concedes that following our decisions, cities are liable for torts committed by the employees and agents of a city while acting for a city in its proprietary capacity, but argues there is no sound basis for any distinction as to liability between the two activities.

*Barcus v. City of Coffeyville,* 129 Kan. 238, 282 Pac. 698, was an action by a widow and children for damages for the death of the husband and father alleged to have been caused by negligence of the city when its fire truck driven by its firemen on the way to a fire collided with the car in which he was riding.

The defendant city's demurrer to the petition was overruled and it appealed. We held:

"In the maintenance and operation of its fire department a city is acting in its governmental capacity, and is not liable in damages for negligence of its officers or employees in the performance of their duties pertaining to the fire department."

In the opinion we referred to 9 A. L. R. 143 and 33 A. L. R. 688 for notations.

We quoted 9 A. L. R. to the following effect:

"The overwhelming weight of authority is to the effect that a fire department, maintained by a municipal corporation, belongs to the public or governmental branch of the municipality so as to relieve it, at least in the absence of statutory provision to the contrary, from liability for injuries to person or property resulting from malfeasance or nonfeasance connected with the maintenance and operation thereof."

We then remarked that more than two hundred cases were collected in those two notes to the effect that the fire department belonged to the governmental branch of the municipality and in the absence of statutory provision to the contrary, the city was not liable for any injuries to person or property resulting from negligence connected with the maintenance and operation of it.

In *Perry v. City of Independence,* 146 Kan. 177, 69 P. 2d 706, we held to the same effect.

See, also *Rhodes v. City of Kansas City,* 167 Kan. 719, 208 P. 2d 275, where we said:

"The sole question thus presented for consideration is whether the allegations of the petition are sufficient to constitute a cause of action in favor of plaintiff and against defendant city."

There we held:

"It is a general rule of law in this state that a municipality is not liable, in the absence of statute imposing liability, for the wrongful acts of city officials or employees, performed in the execution of governmental functions.

"In the maintenance and operation of its fire department a city is acting in its governmental capacity, and is not liable in damages for negligence of its officers or employees in the performance of their duties pertaining to the fire department."

But little can be gained by adding more citations to this opinion.

The plaintiff makes an argument to the effect that there is no real reason for drawing a distinction between the proprietary capacity and the governmental capacity of a city. This opinion is scarcely the place to engage in a debate on that question. For many years courts in general have been committed to the doctrine that there is such a distinction.

The judgment of the trial court is affirmed.