ROBERT FRAZIER, an Infant, by GEORGE F. FRAZIER, His Guardian ad Litem, et al., Respondents, *v.* YOUNG MEN'S CHRISTIAN ASSOCIATION OF LITTLE FALLS, Appellant.

Fourth Department, September 28, 1955.

*James P. O'Donnell, Sr.,* and *Philip D. O'Donnell* for appellant.

*George G. Fiesinger* for respondents.

*Per Curiam.* The plaintiffs were awarded verdicts against the defendant for damages resulting from an injury to the infant plaintiff while engaged in playing basketball with three other boys on the gymnasium floor of the defendant. The complaint set forth several specifications of negligence. The question was submitted to the jury as to " whether or not the defendant provided an adequate degree of general supervision over the recreational activities conducted in the gym." The jury by its verdict necessarily answered the question in the negative. It is undisputed that while these four boys were engaged in the play, there was no director or supervisor of the defendant present. The eight to eleven age group, of which the four boys were members, had left the gymnasium with the instructor for swimming instruction in another part of the building. One of the boys was " dribbling " a basketball toward a basket. The plaintiff was " guarding " him. The other boy jumped up and they collided. The dribbler's knee hit the plaintiff's eye. It might be debatable as to whether it was negligence for the defendant to permit these boys to throw baskets in the absence of any supervisor. Certainly it could not be said that it was negligence to permit them to play at all. In any event, there is no causal relation between the absence of a supervisor and the accident. Bodily contact is inherent in the game. There is no evidence which indicates that the " dribbling " and the " guarding " were done in any but the usual manner of the sport. The boy whose knee hit the plaintiff testified he did not mean to strike him. It does not appear how the presence of a supervisor during the play would have prevented the accident. It happened without warning and in the course of the play. The hazard of an accident resulting in injury is inherent in a game such as basketball. The factual

situation presented here is similar to that in *Ohman* v. *Board of Education of the City of New York* (300 N. Y. 306) where the court said (p. 310): " This is one of those events which could occur equally as well in the presence of the teacher as during her absence." If it may be said that the absence of a supervisor or instructor, under the circumstances, was negligence, still such lack of supervision was not the proximate cause of the accident.

The amended judgment should be reversed and the complaint dismissed.

All concur. Present — McCURN, P. J., KIMBALL, WHEELER and VAN DUSER, JJ.

Amended judgment and order reversed, on the law and facts, and complaint dismissed, without costs of this appeal to any party.