321 P.2d 589

Catherine FORD, as Guardian of the person and estate of David William Ford, a minor, Plaintiff-Appellant,

v.

The CITY OF CALDWELL, Idaho, a municipal corporation, Defendant-Respondent.

No. 8534.

Supreme Court of Idaho.

Feb. 10, 1958.

Frank F. Kibler, Nampa, for respondent.

Meek & Miller, Caldwell, Donart & Donart, Weiser, for appellant.

SMITH, Justice.

Appellant perfected this appeal from a judgment of dismissal which resulted when the trial court sustained respondent's general demurrer to appellant's amended complaint without leave to amend. Relevant facts alleged in the amended complaint are hereinafter related.

David William Ford, a minor, was eight years old when injured April 20, 1955, in the manner alleged in the complaint. The minor's father, Leslie Ford, was employed by respondent as a fireman on that date.

Respondent, a city of the second class, maintains a three-story building used both as a City Hall and a fire station. Respondent's fire fighting apparatus is kept on the

concrete ground floor of the building. A portion of the second floor is the living quarters, called the ready room, of the firemen on duty. There is a 27-inch hole in the floor of this room, and through it extends a perpendicular tube or pole which the firemen use for rapid descent to the fire fighting apparatus.

For a long time prior to and on April 20, 1955, it was the custom and practice of respondent to allow firemen's friends and family members to visit firemen in their living quarters, the ready room. On the date mentioned, about 4:15 p. m., the boy at the invitation and consent of firemen then on duty,—the boy's father and two other firemen,—entered the ready room staying there about twenty minutes. He had with him a rocket toy which he showed to the firemen. While the two firemen, other than the boy's father, were shooting the toy through the air, the boy fell through the hole in the floor of the ready room onto the concrete floor below, sustaining serious and permanent injuries.

Respondent, April 20, 1955, was a named insured in a policy of liability insurance issued by United Pacific Insurance Company, effective from May 1, 1952 to May 1, 1955, at 12:01 a. m., insuring respondent in the sum of $50,000 for injury to any one person, and $100,000 for each accident.

The amended complaint refers to the 1955 amendment to I.C. § 41–3304 (Sess. Laws 1955, c. 146), effective under its emergency clause from and after March 12, 1955, requiring a special endorsement to be attached on liability policies purchased by or sold to the State or any political subdivision. Certain portions of the 1955 amendment read:

"On all liability policies purchased by or sold to the state of Idaho, * * * and all political subdivisions organized under the general laws of the state of Idaho and exercising sovereign powers, * * * which shall protect the state of Idaho, * * * or any other political subdivision of the state of Idaho, including municipalities * * * against liability, for tort claims, shall have an endorsement attached thereto, which shall read as follows: 'It is agreed that in the event of claim or suit arising under this policy, the company will not deny liability because of any legal exemption to which the named insured may be entitled by reason of it being a sovereign state or department of a State Government or any political subdivision thereof, including municipalities and specially chartered subdivisions.'"

The amended complaint sets out that such an endorsement was not attached to the policy.

The amended complaint alleges that the minor's injuries and damage were proximately caused by the negligence of re-

spondent in inviting and permitting the minor to play in and around the fire station near the open hole in the floor and in failing to protect the minor from the danger of falling through it, when in the exercise of reasonable care respondent knew or should have known of such dangerous condition of its premises.

■ It is well established in this jurisdiction that a municipality in the absence of a statute imposing liability is not liable for the torts of its officers and employees occurring in the exercise of a governmental function; it is liable only when acting in a proprietary capacity. Strickfadden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151; Splinter v. City of Nampa, 70 Idaho 287, 215 P.2d 999, 17 A.L.R.2d 665; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Lundahl v. City of Idaho Falls, 78 Idaho 338, 303 P.2d 667. See also Stang v. City of Mill Valley, 38 Cal.2d 486, 240 P.2d 980; Delaware Liquor Store v. Mayor and Council, etc., 6 Terry, Del., 461, 75 A.2d 272; Banks v. City of Albany, 83 Ga. App. 640, 64 S.E.2d 93; Johnston v. City of East Moline, 405 Ill. 460, 91 N.E.2d 401; Mardis v. City of Des Moines, 240 Iowa 105, 34 N.W.2d 620; Rhodes v. Kansas City, 167 Kan. 719, 208 P.2d 275; Molinari v. City of Boston, 333 Mass. 394, 130 N.E.2d 925; Anderson v. City of Philadelphia, 380 Pa. 528, 112 A.2d 92; Lakoduk v. Cruger, 47 Wash.2d 286, 287 P.2d 338; Britten v. City of Eau Claire, 260 Wis. 382, 51 N.W.2d 30; Wilson v. City of Laramie, 65 Wyo. 234, 199 P.2d 119.

■ Municipal corporations without classification as to class, and cities of the second class, in their corporate capacities are legislatively authorized to prevent and extinguish fires and to acquire all necessary apparatus and equipment, including engine houses, to maintain a fire department. I.C. §§ 50–313, 50–1101 and 50–1137.

■ While the legislative grant authorizing municipal corporations to establish fire departments (I.C. § 50–1137) is couched in permissive language (I.C. § 50–1101), nevertheless "A municipal corporation is exercising a governmental function when maintaining and operating a fire department pursuant to legislative authority," Brock-Hall Dairy Co. v. City of New Haven, 122 Conn. 321, 189 A. 182, 183; Richardson v. City of Hannibal, 330 Mo. 398, 50 S.W.2d 648, 84 A.L.R. 508.

The weight of authority is to the effect that a municipality exercises a governmental function in the maintenance of its fire department. Stang v. City of Mill Valley, supra; Barker v. City and County of Denver, 113 Colo. 543, 160 P.2d 363; Banks v. City of Albany, supra; Department of Treasury v. City of Evansville, 223 Ind. 435, 60 N.E.2d 952, 955; Rhodes v. Kansas City, supra; Powell v. Village

of Fenton, 240 Mich. 94, 214 N.W. 968; Gilbert v. New Mexico Const. Co., 39 N.M. 216, 44 P.2d 489; Johnston v. City of Grants Pass, 120 Or. 364, 251 P. 713, 252 P. 1118; Smiddy v. City of Memphis, 140 Tenn. 97, 203 S.W. 512; Cawley v. Board of Trustees, 138 W.Va. 571, 76 S.E.2d 683; Rollow v. Ogden City, 66 Utah 475, 243 P. 791; Cunningham v. City of Seattle, 40 Wash. 59, 82 P. 143, 4 L.R.A.,N.S., 629, rehearing 42 Wash. 134, 84 P. 641, 4 L.R.A.,N.S., 629; White v. City of Casper, 35 Wyo. 371, 249 P. 562. McQuillan, Municipal Corporations, 3rd Ed., Vol. 18, p. 290, sec. 53.52.

■ Since a municipality in the maintenance of its fire department exercises governmental functions it has been held generally that a municipality is not liable for the negligence of officers and servants in connection with its fire department. Barker v. City and County of Denver, supra; Rhodes v. Kansas City, supra; Vezina v. City of Hartford, 106 Conn. 378, 138 A. 145; Rogers v. City of Atlanta, 143 Ga. 153, 84 S.E. 555; Bradley v. City of Oskaloosa, 193 Iowa 1072, 188 N.W. 896; City of Louisville v. Bridwell, 150 Ky. 589, 150 S.W. 672; Howard v. City of Stillwater, 171 Minn. 391, 214 N.W. 656; Thompson v. City of Albion, 115 Neb. 208, 212 N.W. 37; Kling v. City of Austin, Tex.Civ.App., 62 S.W.2d 689; White v. City of Casper, supra; Delaware Liquor Store v. Mayor and Council, etc., supra; Perkins v. City of Lawrence, 177 Kan. 612, 281 P.2d 1077;

McQuillan, Municipal Corporations, 3rd Ed., Vol. 18, p. 291, sec. 53.50.

■ The overwhelming weight of authority is to the effect that a municipal corporation is not liable for torts arising from the defective condition, or negligent construction or operation of its fire fighting facilities and apparatus. Brock-Hall Dairy Co. v. City of New Haven, supra; Larimore v. Indianapolis Water Co., 197 Ind. 457, 151 N.E. 333; Abihider v. City of Springfield, 277 Mass. 125, 177 N.E. 818; Bradley v. City of Jackson, 153 Miss. 136, 119 So. 811; Piasecke v. City of New York, Sup.App.T., 24 N.Y.S.2d 298; 62 C.J.S. Municipal Corporations § 592, p. 1223; 63 C.J.S. Municipal Corporations § 776, p. 81; 38 Am.Jur., Municipal Corporations, p. 326, sec. 625; Annotations, 9 A.L.R. 143, 33 A.L.R. 688; 84 A.L.R. 514.

■ Particularly, a municipal corporation is not liable for negligence in maintaining a pole extending through a hole in the floor from the firemen's quarters to the fire fighting apparatus on the floor below since such is in the exercise of a governmental function. Piasecke v. City of New York, supra. Such doctrine of nonliability absolves the municipal corporation from liability for negligence of its servants in cases where invitees or licensees are injured by falling through such a hole left unguarded. 38 Am.Jur., Municipal Corporations, p. 326, sec. 625. In Brown v. District of Columbia, 29 App.

D.C. 273, 25 L.R.A.,N.S., 98, Nicastro v. City of Chicago, 175 Ill.App. 634, and Haynes v. City of New York, 259 App.Div. 837, 19 N.Y.S.2d 164, minor invitees were denied recoveries, and in Barnes v. City of Waco, Tex.Civ.App., 262 S.W. 1081, survivors of a deceased physician called to examine a fireman were denied recovery.

Appellant urges, though the maintenance of respondent's fire department may be a governmental function, that nevertheless respondent's immunity from liability for the negligent acts of its officers and servants growing out of such governmental function, is waived by the provisions of Idaho Sess.Laws 1955, c. 146. Appellant points to I.C. § 41–3305, a part of the chapter, containing an express waiver of immunity by the State, its political subdivisions and municipalities, against liability for damages to the extent of the liability insurance carried.

The title of Chapter 146 relates to "The Procurement of Liability Insurance" by the State and its political subdivisions, including municipalities and provides, inter alia, that all policies of liability insurance purchased by or sold to the State, its political subdivisions and municipalities, shall contain the endorsement waiving immunity to the extent of the liability insurance. The Act, I.C. § 41–3304, also provides that the State and its political subdivisions, including municipalities, shall not be required to purchase policies of liability insurance.

"Procure" means, to cause, acquire, gain, get, obtain, bring about, cause to be done; it connotes action. "Procurement" is, the act of obtaining, attainment, acquisition, bringing about, effecting. Webster's New Int'l Dictionary, 2nd Ed.; 72 C.J.S. pp. 1207–1208; 34 Words and Phrases, Procure, p. 278, 2d, Procurement 287.

■ The Act clearly refers to future acts to be consummated; it relates to liability insurance to be brought about, obtained and effected from and after the effective date of the Act, and not in retrospect to accomplished existent transactions.

■■ The fact that respondent, municipal corporation, procured the policy of liability insurance May 1, 1952, nearly three years prior to March 12, 1955, the effective date of Sess.Laws 1955, c. 146, is indicative of the intendment of both respondent and the insurance company that respondent's liability for damages imposed by law, as recited in the policy, be covered to the extent of the limits of the policy, during the ensuing three-year policy term, for tortious acts of its officers and servants growing out of its proprietary functions. Clearly the parties did not intend that the policy encompass a greater coverage; for they could not and did not contract for coverage of respondent's tort liability growing out of its governmental functions since such liability did not exist

and could not be created in the absence of legislative recognition.

■ The law in force at the time of the making of a contract of insurance becomes a part of it and is read into it. Walther v. Occidental Life Ins. Co., 40 Cal.App.2d 160, 104 P.2d 551; Crowley v. Hardman Bros., 122 Colo. 489, 223 P.2d 1045; Landis, for Use of Talley v. New Amsterdam Casualty Co., 347 Ill.App. 560, 107 N.E.2d 187; Bates v. Nelson, 240 Iowa 926, 38 N.W.2d 631; Cuddy v. Tyrrell, 171 Kan. 232, 232 P.2d 607; Bankers Security Life Ins. Co. v. Killingsworth, Okl., 284 P.2d 734; Zippel v. Country Gardens, 262 Wis. 567, 55 N.W.2d 903; 44 C.J.S. Insurance § 302 p. 1214; 29 Am.Jur., Insurance, p. 197, secs. 179 and 180. Such rule does not extend to a statute enacted subsequent to the making of the insurance contract. Moore v. Chicago Guaranty Fund Life Soc., 178 Ill. 202, 52 N.E. 882; Watkins v. Watkins, 210 Wis. 606, 245 N.W. 695; Oksa v. American Employers' Insurance Company, D.C., 128 F.Supp. 681, affirmed 2 Cir., 1955, 218 F.2d 585; 44 C.J.S. Insurance § 302, p. 1216.

■ "No statute should be construed to be retroactive unless such intention on the part of the Legislature is clearly expressed." Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200; Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769; In re Pahlke, 56 Idaho 338, 53 P.2d 1177; Winans v. Swisher, 68 Idaho 364, 195 P.2d 357;

82 C.J.S. Statutes § 414, p. 981; 50 Am. Jur., Statutes, p. 494, sec. 478. "Before a statute will be given retroactive and retrospective effect, the statute itself must contain words which indicate the Legislature intended it to have such retroactive and retrospective effect." Application of Boyer, 73 Idaho 152, 248 P.2d 540. No expression is contained in Sess.Law 1955, c. 146, and no implication can be gleaned therefrom, indicative of a legislative intent of retroactive construction and application. On the contrary as hereinbefore pointed out the Act, and particularly its Title, clearly point to a legislative intent of prospective operation.

■ A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage. United States v. Nez Perce County, D.C.C.D.Idaho 1936, 16 F.Supp. 267, remanded 9 Cir., 1938, 95 F.2d 232, rehearing denied 9 Cir., 1938, 95 F.2d 238; Massa v. Nastri, Conn., 3 A.2d 839, 120 A.L.R. 939; Micamold Radio Corporation v. Beedie, 156 Misc. 390, 282 N.Y.S. 77; In re Karnbach's Estate, 208 Misc. 693, 144 N.Y.S.2d 872; Scamman v. Scamman, Ohio Com.Pl., 90 N.E.2d 617; 82 C.J.S. Statutes § 418, p. 995.

Appellant asserts that respondent has no vested right to a defense based upon governmental immunity in the present case, since the accident occurred after March 12, 1955, the effective date of Sess.Law

1955, c. 146, i. e., on April 20, 1955, before respondent's policy of liability insurance expired on May 1, 1955.

■ The provision of the Act waiving governmental immunity becomes effective only if the political subdivision, at its option, procures liability insurance after the effective date of the Act, in which event the insurance coverage extends to both its proprietary and its governmental functions. In the absence of insurance coverage of its governmental functions the immunity is not waived. Such is the situation here. Hence respondent has a vested right in the defense of immunity. Here it is not a matter of procedure but one of the substantive right. See Ward v. Burley State Bank, 38 Idaho 764, 225 P. 497 for discussion of this distinction.

■■ A statute affecting vested rights will be construed as operating prospectively only, and not retrospectively. "A right of defense, not technical, but substantial, resulting in immunity from liability, which has fully vested, is as sacred and as important as a right of action, and is protected from any retroactive legislation in like manner as a vested right of action." International & G. N. R. Co. v. Edmundson, Tex.Com.App., 222 S.W. 181, 186. See also Massa v. Nastri, supra; Scamman v. Scamman, supra; In re Karnbach's Estate, supra; Ohlinger v. United States, D.C.S.D.Idaho 1955, 135 F.Supp. 40; United States v. Nez Perce County, Idaho,

supra; Application of Rauer's Collection Co., 97 Cal.App.2d 248, 196 P.2d 803; Monacelli v. Grimes, 9 Terry, Del. 122, 99 A.2d 255; Sowma v. State, 203 Misc. 1105, 121 N.Y.S.2d 468; Pope v. Pennsylvania Threshermen & Farmers Mut. Cas. I. Co., 176 Pa.Super. 276, 107 A.2d 191; 82 C.J.S. Statutes § 417, p. 994.

The judgment of the trial court is affirmed. Costs to respondent.

KEETON, C. J., and PORTER, TAYLOR and McQUADE, JJ., concur.