J. Irwin Shapiro, J.
When this case was called for trial, both sides agreed to waive a trial by jury and to have the court decide all issues of law and fact.
The plaintiff is the father of the deceased, Alan Kaufman, and the administrator of his estate.
He brings this action against the City of New York and the Board of Higher Education to recover damages for the death of his son, caused, he contends, by the negligence of the defendants.
At the end of the plaintiff’s case the action was discontinued on the merits without costs against the defendant, the City of New York.
The defendant, the Board of Higher Education, then moved to dismiss the plaintiff’s complaint, and decision was reserved upon that motion. Said defendant then rested without offering any proof and renewed its motion to dismiss. Decision was again reserved.
The deceased, 19 years of age, was a student in his fourth term at Brooklyn College.
On November 18, 1954, between 1:00 and 2:00 p.m. he was engaged in what has been described as a three-man basketball game in the third-floor gymnasium of the college.
*286 Plaintiff’s proof establishes that this three-man basketball game is played by three men on each side. It was being played in one of the sections of the gymnasium, and the accident occurred when one Charles Kochenski, playing guard opposite the deceased, jumped for the basketball at the same time that the deceased did; they were going up for a jump-shot, and in the process they bumped their heads together.
It is conceded that as a result of that occurrence the deceased immediately became unconscious, never regained consciousness, and that his death ensued therefrom.
Giving the plaintiff the benefit of every doubt on the uncontradicted facts in the case, the court must conclude that the plaintiff has failed to make out a cause of action as a matter of law. There is no contention in this case of improper construction of the gymnasium, or that the premises were otherwise maintained in an unsafe or improper condition. The sole complaint is the alleged failure to properly supervise the playing of this three-man basketball game.
Even if it be assumed that there were no instructors present at the time, and the plaintiff’s proof is deficient in this respect, for his witness to the occurrence merely testified that he did not know or recall whether any instructor was present at the time that the game was being played, and the examination before trial, offered in evidence by the plaintiff, contains a sworn statement by an instructor, that he and another instructor were in fact present in the gymnasium at the time of the occurrence, there is no legal causal connection between the alleged failure of an instructor to be present and the injury and consequent death of the decedent.
If the instructor were present and watching and supervising the game, he could not have stopped the boys from bumping their heads together; that is one of the natural and normal possible consequences or occurrences in a game of this sort which cannot be prevented no matter how adequate the supervision. As the court said in the oft-cited case of Ohman v. Board of Educ. of City of N. Y. (300 N. Y. 306, 310): “This is one of those events which could occur equally as well in the presence of the teacher as during her absence.”
If it may be said that the absence of a supervisor or instructor, under the circumstances, was negligence, still such lack of superivsion was not the proximate cause of the accident.
Therefore, assuming that there was here the absence of a supervisor or instructor and that such absence constituted negligence, still, under the circumstances, such lack of supervision was not the proximate cause of the accident.
*287 In Foley v. Union Free School Dist. No. 17, Town of Oyster Bay (259 App. Div. 837 [2d Dept.]) the facts are strikingly similar to those in this case.
The court in its memorandum opinion affirming a dismissal of the complaint said: “In an action against teachers, principal of a high school, and the board of education of a free school district, based upon alleged negligence as the result of which a pupil was injured while participating in a basketball game, and alleged negligence in care and treatment of the pupil after he had sustained injury, judgment dismissing complaint unanimously affirmed, with costs.”
The court has read the record on appeal in that case which more fully discloses the facts than does the memorandum of affirmance, and it appears therefrom that the plaintiff was engaged in a game of basketball and that “while playing, he jumped in the air for the ball, had the ball, and was coming-down, when one of his opponents jumped and hit him, causing him to fall to the floor”.
I can find no distinction between the Foley case and this case.
In Frazier v. Young Men’s Christian Assn. of Little Falls (286 App. Div. 464, 465, affd. 1 N Y 2d 904) the Appellate Division, Fourth Department reversed a judgment for the plaintiff and dismissed the complaint in a case where the infant plaintiff was injured when ‘ ‘ One of the boys was 1 dribbling ’ a basketball toward a basket. The plaintiff was ‘ guarding ’ him. The other boy jumped up and they collided. The dribbler’s knee hit the plaintiff’s eye.”
Even though the boys there were of the tender age of 8 to 11 and not as in this case, mature college boys, the court said (p. 465): “ In any event, there is no causal relation between the absence of a supervisor and the accident. Bodily contact is inherent in the game. There is no evidence which indicates that the ‘ dribbling ’ and the ‘ guarding ’ were done in any but the usual manner of the sport. The boy whose knee hit the plaintiff testified he did not mean to strike him. It does not appear how the presence of a supervisor during the play would have prevented the accident. It happened without warning and in the course of the play. The hazard of an accident resulting in injury is inherent in a game such as basketball.”
If there was no liability in that case to an immature age group in leaving them unattended while playing a game of basketball, because supervision could not have prevented the contact which caused the injury, how much more so must that *288 be the conclusion in this case where the court is dealing with a college student and not an elementary school boy.
The presence or absence of the instructors in this case had nothing to do with the occurrence. Their presence would not have prevented the guard on the opposite side from attempting to wrest the basketball from the deceased; that was part of the game and was to be expected. Under such circumstances the plaintiff does not make out a case merely because there was an absence of supervision.
The plaintiff has submitted no law to support his complaint and the court’s independent research has revealed none. Mention should perhaps be made at this point of this court’s decision in Brooks v. Board of Educ. of City of N. Y. (29 Misc 2d 19) in which the court sustained a verdict for plaintiff who was hurt while engaged in a “ soccer ” football game and which superficially may seem to bear a legal resemblance to the point here at issue. The ratio decidendi there, however, was that the game of “soccer” under the circumstances there portrayed, was and is of itself an intrinsically dangerous game, which though supervised, should not have been mandated upon the students, particularly in view of their disparate size and weight.
It follows as a consequence that the plaintiff’s complaint must be dismissed as a matter of law and the Clerk is directed to enter judgment accordingly. The plaintiff may have 30 days stay of execution and 60 days within which to make a ease upon appeal.