ROBERT SACCENTE et al., Appellants, v LEXINGTON SCHOOL FOR THE DEAF, Respondent. [644 NYS2d 323]

The infant plaintiff was injured while playing "speed ball" during gym class at the defendant school. According to his affidavit, the infant plaintiff had no choice but to participate in this event, for otherwise he would have obtained a "zero for the class". The infant plaintiff also averred that, having noted the wet condition of the field, he specifically asked the gym teacher if he could put on his cleats instead of sneakers. The gym teacher allegedly refused to allow him to do so, and told the infant plaintiff to "stop wasting time".

The plaintiffs' submissions in opposition to the defendant's motion for summary judgment included the affidavit of a "sports liability consultant". This expert asserted, *inter alia,* that the gym teacher's prohibition of cleats constituted, under the circumstances presented, negligence, and that this negligence was a proximate cause of the infant plaintiff's injury.

The papers submitted by the plaintiffs, including but not limited to those mentioned above, were sufficient to demonstrate the existence of a triable issue of fact with respect to the plaintiffs' first two causes of action *(see generally, Locilento v Catholic High,* 134 AD2d 39; *Koester v State of New York,* 90 AD2d 357; *cf., Kaufman v City of New York,* 30 Misc 2d 285). We also find that there is a triable issue of fact with respect to the mutuality of obligation underlying the plaintiffs' third cause of action, which is based on the breach of defendant's al-

leged promise to pay for medical expenses. It has not been shown, as a matter of law, that the "detriment" allegedly incurred by the plaintiffs, i.e., their having forfeited insurance coverage as a result of their refraining from employing the services of a physician who participated in their insurance plan, was "bargained for" by the defendant in return for its alleged promise (see, Holt v Feigenbaum, 52 NY2d 291, 299). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.